**Zouhrir Abid ALAZZAWE, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

Nos. 02–72677, 03–70471.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 30, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

█ Zouhrir Abid Alazzawe's petition fails, because as conceded at oral argument, Alazzawe firmly resettled in Germany and is barred from seeking asylum from Iraq. *See* 8 C.F.R. § 208.13(c)(2) (barring the government from granting "asylum to any applicant ... if the alien ... has been firmly resettled ...").

Substantial evidence supports the BIA's denial of the requested asylum from Germany. Alazzawe failed to show evidence compelling a finding that he "is unable or unwilling to return to [Germany] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir.2003) (citation and internal quotation marks omitted).

█ The BIA did not abuse its discretion when it denied Alazzawe's motion to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reopen, because all the evidence Alazzawe proffered was available to him at the time of his former hearing, or would not have assisted Alazzawe in proving his asylum claim. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *see also Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) ("a motion to reopen will not be granted unless the [petitioner] establishes a prima facie case of eligibility for the underlying relief sought").

**PETITION DENIED.**